IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Renetta R. Brown,<br><br>              Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner<br>of Social Security,[1]<br><br>              Defendant. | C/A No. 0:16-746-CMC-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

      This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Renetta R. Brown, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

      Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).

*PJG*

# ADMINISTRATIVE PROCEEDINGS

In April 2012, Brown applied for DIB and SSI, alleging disability beginning February 28, 2011. Brown's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on April 16, 2014 at which Brown, who was represented by Charles Hinnant, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on September 19, 2014 concluding that Brown was not disabled from February 28, 2011 through the date of the decision. (Tr. 10-26.)

Brown was born in 1967 and was forty-three years old at the time of her alleged disability onset date. (Tr. 25.) She has a high school education and special training as an EMT, and has past relevant work experience as a caregiver and nurse's aide, a hairdresser, a floor planner and manager for a retail store, and a maintenance worker at an apartment complex. (Tr. 323.) Brown alleged disability due to emphysema, severe depression, chronic obstructive pulmonary disease, a bad right knee, back problems, obesity, severe migraines, and severe temporomandibular joint disorder. (Tr. 322.)

In applying the five-step sequential process, the ALJ found that Brown had not engaged in substantial gainful activity since February 28, 2011—her alleged onset date. The ALJ also determined that Brown's degenerative disc disease; right knee degenerative joint disease; mild right knee medial joint arthrosis; morbid obesity; chronic obstructive pulmonary disease; emphysema; major depressive disorder, single episode, severe with psychotic features; and panic disorder without agoraphobia were severe impairments. However, the ALJ found that Brown did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found,

after consideration of the entire record and after consideration of Brown's severe and non-severe impairments, individually and in combination, that Brown retained the residual functional capacity of

> no lifting or carrying over 10 pounds occasionally and less than 10 pounds frequently; with standing and/or walking at least two hours in an eight-hour workday; with sitting about six hours in an eight-hour workday; with assistive use of a cane; with no climbing of ladders, ropes or scaffolds; limited to occasional climbing of ramps/stairs; limited to occasional balancing, stooping, kneeling, crouching, and crawling; with avoidance of concentrated exposure to extreme cold, extreme heat, and humidity; with avoidance of concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; with avoidance of concentrated exposure to unprotected heights and terrain; limited to unskilled work; with no interaction with the public; and with no team-type interaction with co-workers.

(Tr. 20.) The ALJ found that Brown was unable to perform past relevant work but that, considering Brown's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Brown could perform. Therefore, the ALJ found that Brown was not disabled from February 28, 2011 through the date of the decision.

The Appeals Council denied Brown's request for review on January 7, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Brown raises the following issues for this judicial review:

I. The ALJ failed to consider all of the Plaintiff's impairments in the evaluation of her RFC.

II. The ALJ did not explain her findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.[]

III. The issue of the Plaintiff's ability to do substantial work in significant numbers remains undetermined despite the testimony of the vocational expert in the remand hearing.[3]

IV. The ALJ failed to properly consider Brown's credibility.

(Pl.'s Br., ECF No. 14.)

**DISCUSSION**

Although Brown raises several issues for this judicial review, the court finds for the reasons discussed below that remand is warranted for further consideration of one of the arguments presented in Brown's second issue on appeal and the argument presented in Brown's third issue on appeal.

With regard to Brown's arguments regarding the ALJ's evaluation of Brown's residual functional capacity, Brown relies in part on the recent decision by the United States Court of Appeals

---

[3] The court notes that there appears to have been only one hearing on the instant application for benefits.

for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Specifically, Brown argues that the residual functional capacity as determined by the ALJ fails to account for the ALJ's finding that Brown had "moderate limitations" with concentration, persistence, or pace at Step Three of the sequential evaluation. In Mascio, the Fourth Circuit held that remand was warranted in part because the ALJ's hypothetical question to the vocational expert was legally insufficient in that it failed to include—without any explanation by the ALJ—the ALJ's finding of moderate limitation on the claimant's ability to maintain concentration, persistence, or pace at Step Three. Mascio, 780 F.3d at 638. The Fourth Circuit stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). However, the Court continued stating:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

Mascio, 780 F.3d at 638 (citation omitted).

The Commissioner generally argues that the ALJ properly accounted for Brown's mental impairments by limiting Brown to unskilled work. However, the Commissioner does not acknowledge or otherwise discuss the holding in Mascio in responding to Brown's arguments. Importantly, "the ability to perform simple tasks differs from the ability to stay on task. Only the

latter limitation would account for a claimant's limitation in concentration, persistence, or pace."

Id.

The court observes that in finding that Brown had moderate difficulties in concentration, persistence, or pace, the ALJ observed as follows:

> The claimant testified that she was driving every day until January 2014 when her car was repossessed. As indicated in the previous paragraph, the claimant was able to maintain self-employment for several years after her alleged onset date braiding hair. The claimant is also able to perform tasks like cooking, teaching her daughters to cook, and manage her finances. All of these activities require a certain level of attention. Due to possible impaired concentration, I find that the claimant is limited to unskilled work.

(Tr. 20.) The ALJ later found that braiding hair as reported by Brown is an activity that required "a significant degree of concentration as well as physical stamina." (Tr. 22.) The ALJ also found that Brown had "no significant difficulty in participation in the hearing," observing that she was able to "maintain attention and concentration." (Id.) Notwithstanding these statements, the court is constrained to recommend remanding this matter for the ALJ to explain how the evidence reveals that with her moderate difficulties, Brown can stay on task such that she can maintain substantial gainful activity. As observed by the ALJ, Brown's hair braiding did not constitute substantial gainful activity. Further, as indicated above, the Commissioner does not address this aspect of Brown's argument in her brief.

Further complicating this judicial review are the ALJ's findings at Step Five of the sequential process. As part of the ALJ's duty at this step, the ALJ must resolve any apparent conflicts between a vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). See Pearson v. Colvin, 810 F.3d 204, 208-11 (4th Cir. 2015); SSR 00-04p, 2000 WL 1898704 ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit

a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."). In this case, the ALJ found at Step Five that there were jobs that existed in significant numbers in the national economy that Brown could perform. Specifically, the ALJ observed that the vocational expert testified that an individual with Brown's age, education, work experience, and residual functional capacity would have been able to perform the requirements of the following occupations:

| Position Title | DOT Code | Exertional Level | Unskilled | Positions Nationally | Positions in South Carolina |
|---|---|---|---|---|---|
| Order Clerk | 209.567-014 | Sedentary | Unskilled | 75,000 | 2,000 |
| Table Worker | 739.687-182 | Sedentary | Unskilled | 55,000 | 1,500 |

(Tr. 26.) The ALJ further found "[p]ursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Id.)

Brown argues that an apparent conflict exists between the testimony provided by the vocational expert and the occupational information in the Dictionary of Occupational Titles ("DOT"), and that the ALJ erred in failing to resolve this conflict.[4] As pointed out by Brown, the DOT does not mention the use of assistive devices, and, in this case, the ALJ included in Brown's residual functional capacity a limitation providing for assistive use of a cane. (See ECF No. 14 at

---

[4] The Commissioner's response fails to address this argument or otherwise discuss the ALJ's duty to resolve apparent conflicts. Rather, the Commissioner generally argues that the ALJ properly considered and included a limitation in the residual functional capacity assessment allowing Brown the assistive use of a cane. The inclusion of this limitation is not in dispute, however, (see ECF No. 16 at 13-14); the issue stems from the fact that the ALJ included this limitation but did not elicit testimony from the vocational expert about the jobs she found claimant could perform when the DOT did not account for an assistive device in connection with those jobs.

32-33) (citing Hawkins v. Colvin, Civil Action No. 1:13-2966-BHH, 2014 WL 5369777 (D.S.C. Feb. 19, 2015)). Although the vocational expert generally responded that his testimony was consistent with the DOT, the court is constrained to recommend this matter be remanded for further consideration of this issue, as the ALJ failed to elicit a reasonable explanation for this apparent conflict.[5]

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

April 25, 2017
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[5] Further consideration of these matters may impact Brown's remaining issues. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).